**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **SHARON BRIMAGE,** | ) Case No.: |
| Plaintiff, | ) |
| | ) **CIVIL COMPLAINT** |
| vs. | ) |
| | ) **AND** |
| **ACTION COLLECTION AGENCY OF** | ) **JURY TRIAL DEMAND** |
| **BOSTON, a Massachusetts Corporation,** | ) |
| Defendant. | ) |

Plaintiff, Sharon Brimage, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the Defendant Action Collection Agency of Boston, a Massachusetts Corporation (hereinafter "Defendant"), as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter "FDCPA" or "the Act"), which prohibits debt collectors from engaging in abusive, deceptive and unfair debt collection practices. Such collection practices include, *inter alia,* Defendant's failure in its initial oral communication with the Plaintiff to advise the Plaintiff that Defendant was a "debt collector attempting to collect a debt and that any information obtained will be used for that purpose" and/or the failure "to disclose in subsequent communications that the communication is [with] a debt collector", in violation of 15 U.S.C. §1692e(11).

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found that the Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant

evidence of abusive, deceptive and unfair debt collection practices by many debt collectors which contributed to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.

3. The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer."

4. To prohibit deceptive practices, the FDCPA at 15 U.S.C. § 1692e, outlaws the use of false, deceptive and/or misleading representations in connection with the collection of any debt and sets forth a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: "The failure to disclose in the initial written communication with the consumer, and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

## JURSIDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d)

6. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

7. Plaintiff, Sharon Brimage, is a natural person, who at all relevant times has resided in the City of Norwood, Norfolk County, State of Massachusetts, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant is incorporated and doing business in the State of Massachusetts, with its corporate offices located at 16 Commerce Blvd. #E, Middleborough, Massachusetts 02346, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

9. Upon information and belief, at all times relevant to this litigation, Defendant has engaged in a course of collection attempts on a consumer debt allegedly owed by the Plaintiff.

10. The alleged debt which the Defendant is seeking to collect from the Plaintiff is a consumer "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. In February 2016, the Defendant began its efforts to collect the alleged debt from the Plaintiff by placing telephone collections calls to the Plaintiff.

12. Plaintiff was not familiar with the telephone number from which the Defendant was placing the telephone collection calls and did not know the identity of the party placing the telephone collection calls to her.

13. On February 8, 2016, the Plaintiff called back the number from which the Defendant had been calling her in an effort to collect an alleged consumer debt.

14. The telephone called placed by the Plaintiff to the Defendant on February 8, 2016 at the telephone number from which the Defendant had been calling her in an effort to collect an

alleged consumer debt was a "communication" as defined by the FDCPA, 15 U.S.C. § 1692a(2) (hereinafter referred to as the "February Telephone Call").

15. The Plaintiff placed the February Telephone Call to find out who had been repeatedly calling her and for what purpose the calls were being made to her.

16. The February Telephone Call lasted approximately 2 minutes and 24 seconds. The Defendant's representative confirmed by use of the telephone number supplied by the Plaintiff that she was in fact "Sharon Brimage." In response to the Plaintiff's inquiry as to whom it was that was repeatedly calling her from the telephone number to which the Plaintiff placed the February Telephone Call, the Defendant's representative advised Plaintiff the calls she had been receiving were from "Action Collection Agency of Boston."

17. During the February Telephone Call, Defendant's representative failed to ever advise the Plaintiff that the communication was with a debt collector attempting to collect a debt and/or that any information obtained would be used for that purpose.

18. During the February Telephone Call, Defendant engaged in misleading, deceptive, and unfair debt collection practices in violation of the FDCPA.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(11)

19. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 18 of the Complaint and incorporates them by reference with the same force and effect as if set forth at length specifically herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

21. Defendant is a "debt collector" as defined by 15 U.S.C § 1692a(6).

22. Upon information and belief, at all times relevant to this litigation, Defendant has engaged in a course of collection attempts on a consumer debt allegedly owed by the Plaintiff.

23. Upon information and belief, the alleged debt which the Defendant is seeking to collect from the Plaintiff is a consumer "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

24. In February 2016, the Defendant began its efforts to collect the alleged debt from the Plaintiff by placing telephone collections calls to the Plaintiff.

25. Plaintiff was not familiar with the telephone number from which the Defendant was placing the telephone collection calls to the Plaintiff and did not know the identity of the party placing the telephone collection calls to her.

26. On February 8, 2016, the Defendant called back the telephone number from which the Defendant had been calling her in an effort to collect an alleged consumer debt.

27. The February Telephone Call placed by the Plaintiff to the Defendant to the telephone number from which the Defendant had been calling her in an effort to collect an alleged consumer debt was a "communication" as defined by the FDCPA, 15 U.S.C. § 1692a(2).

28. The Plaintiff placed the February Telephone Call to find out who had been repeatedly calling her and for what purpose the telephone calls were being made to her.

29. The February Telephone Call lasted approximately 2 minutes and 24 second. The Defendant's representative confirmed by use of the telephone number supplied by the Plaintiff that that she was in fact "Sharon Brimage." In response to the Plaintiff's inquiry as to whom it was that was repeatedly calling her from the telephone number to which the Plaintiff placed the February Telephone Call, the Defendant's representative advised Plaintiff the calls she had been receiving were from "Action Collection Agency of Boston."

30. Pursuant to FDCPA, 15 U.S.C. § 1692e(11):

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(11) The failure to disclose in the initial written communication with the consumer, and in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

31. At no time during the February Telephone Call did the Defendant's representative ever advise the Plaintiff that the communication was with a "debt collector attempting to collect a debt" and/or that "any information obtained would be used for that purpose."

32. Defendant's actions and/or inaction during the February Telephone Call violate the FDCPA, 15 U.S.C. § 1692e(11).

33. By virtue of February Telephone Call, Defendant engaged in false or misleading conduct in an effort to collect an alleged consumer debt from the Plaintiff.

34. Defendant's actions were knowing and willful.

35. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triabale.

## **RELIEF**

WHEREFORE, Plaintiff, Sharon Brimage, on behalf of herself, respectfully requests that this Court enter judgment against the Defendant for the following:

A. Declaring the Defendant's actions as described above to be in violation of the FDCPA;

B. An award of actual damages for the Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1);

C. An award of statutory damages for the Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

D. An award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

E. Such other and further relief as the Court may deem just and equitable.

Respectfully submitted this 27th Day of May, 2016

s/ John C. Dorn

*Attorney for Plaintiff*
John C. Dorn, Esq.
Law Offices Of John C. Dorn, P.C.
242 Wareham Road
Marion, MA 02738
(P) (508) 748-3140
(E) john@dorninjurylaw.com